Jacob R. Valdez, SBN 035634
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
jvaldez@fisherphillips.com

Daniel Crowell, *(Admitted Pro Hac Vice)*
Leslie Sanders, *(Admitted Pro Hac Vice)*
Stephen C. Stovall, *(Admitted Pro Hac Vice)*
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, Tennessee 37203
Telephone: (615) 340-6790
dcrowell@bartonesq.com
lsanders@bartonesq.com
sstovall@bartonesq.com
Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Arnaoudoff,<br><br>    Plaintiff,<br><br>    v.<br><br>Tivity Health, Inc., et al,<br><br>    Defendants. | No. CV23-01510-PHX-DJH<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Defendants, Tivity Health, Inc. and Tivity Health Services, LLC, pursuant to Rule 72 of the Federal Rules of Civil Procedure, respond to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. #63).

The Court should adopt the Magistrate Judge's Report and Recommendation (Doc. #62). Plaintiff's objections are essentially 31 pages of unsubstantiated argument that far exceed the page limits in LRCiv 7.2(e)(3), fail to cite any evidence in the record

or adduce any new competent evidence, appear to cite 28 decisions that do not exist, and fail to cite any real decisions that dictate a different result.

I.  **Non-Existent Cases**

Defendants were not able to locate the following decisions cited in Plaintiff's objections via Westlaw:

- *Arizona v. Associated Grocers of Arizona, Inc.*, 178 Ariz. 509, 514 (1994)
- *Brown v. S.A. Healy Co.*, 2010 WL 11561923 (S.D. Tex. Mar. 4, 2010)
- *Davis v. ConAgra Foods, Inc.*, 2015 WL 13375763 (D. Colo. April 13, 2015)
- *Gonzales v. Clark County School District*, 2014 WL 12677832 (D. Nev. May 28, 2014)
- *Harris v. Maricopa County*, 2018 WL 3747794 (D. Ariz. Aug. 7, 2018)
- *Henderson v. Allen*, 2017 WL 3142814 (D. Ariz. July 25, 2017)
- *Hernandez v. Dutch Goose, Inc.*, 2013 WL 3089190 (N.D. Cal. June 18, 2013)
- *Hughes v. Greenville County School District*, 2018 WL 4067539 (D.S.C. Aug. 27, 2018)
- *In re CheckRite*, 351 F.3d 461 (2d Cir. 2003)
- *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation* (9th Cir. 1995)
- *James v. American Civil Liberties Union of Nevada*, 682 F.3d 189 (9th Cir. 2012)
- *Kramer v. Superior Court*, 208 Ariz. 74, 83 (App. 2004)
- *McDonald v. Kinder Morgan, Inc.*, 2020 WL 5587009 (C.D. Cal. Sept. 18, 2020)

- *Meyer v. Stanislaus County*, No. 1:08-CV-01788, 2010 WL 3038775 (E.D. Cal. Aug. 2, 2010)
- *Myrick v. Vangilder*, 2019 WL 4602605 (Ariz. Ct. App. Sept. 23, 2019)
- *Nichols v. Arizona State University*, 2019 WL 2193881 (D. Ariz. May 21, 2019)
- *Nielsen v. A&M Records, Inc.*, 2014 WL 3701688 (S.D. Cal. July 25, 2014)
- *O'Neal v. City of Phoenix,* 2016 WL 4148346 (D. Ariz. Aug. 4, 2016)
- *Osumi v. Dynegy, Inc.*, 2008 WL 4596971 at *9 (N.D. Cal. Oct. 14, 2008)
- *Reed v. Long Island Jewish Medical Center*, 2018 WL 5271145 (E.D.N.Y. Oct. 23, 2018)
- *Rossi v. City of San Diego*, 2014 WL 12658501, at *6 (S.D. Cal. Oct. 7, 2014)
- *Rowe v. Vickers*, 2015 WL 6830811 (D. Ariz. Nov. 6, 2015)
- *Schwartz v. Hovnanian Enterprises, Inc.,* 1997 WL 220471 (9th Cir. 1997)
- *Sullivan v. Pulte Home Corp.*, 2009 WL 3833992 (D. Ariz. Nov. 16, 2009)
- *Tremain v. Fenty*, 2007 WL 1695279 (D.D.C. June 8, 2007)
- *United States v. Oregon* (9th Cir. 1992)
- *Velez v. Thomas*, 2016 WL 889963 (N.D. Iowa March 8, 2016)
- *Zimmerman v. B2B Commerce, Inc.*, 212 Ariz. 480 (App. 2006)

Given the level of detail that Plaintiff provided for these cited decisions, we assume that she found them using ChatGPT or one of the other artificial intelligence services that are known to invent cases.

## II. No Facts

Plaintiff's objections do not cite any evidence in the record or adduce any new, competent evidence to support her assertion that the Magistrate Judge erred.

## III. No Law

Plaintiff's objections do not cite any law that demonstrates error by the Magistrate Judge either. Within Plaintiff's objections, Defendants have identified 13 real judicial decisions:

- *Alcaide v. Thomas*, **2015 WL 6087560 (D. Ariz. Oct. 16, 2015)**

Plaintiff claims that *Alcaide* stands for the proposition that an agreement requires memorialization by signature. (Doc. #63 at p. 4). But that is nowhere in the decision. *See* 2015 WL 6087560.

In fact, *Alcaide* supports the Magistrate Judge's Report and Recommendation by rejecting the argument that a settlement agreement can be set aside simply because the individual party later determines that he/she did not receive enough money. *Id.* at *2.

- *Baker v. D.A.R.A. II, Inc.*, **2008 WL 4368913 (D. Ariz. Sept. 24, 2008)**

Plaintiff cites *Baker* for the proposition that Defendants bear the burden of proof with respect to enforcing the Settlement Agreement, which everyone acknowledges and has never been in dispute. (Doc. #63 at p. 19). This case does not aid Plaintiff.

- *Callie v. Near*, **829 F.2d 888 (9th Cir. 1987)**

Plaintiff cites *Callie* for the proposition that a settlement agreement is only enforceable if there is "a clear offer acceptance, and agreement on all material terms." (Doc. #63 at p. 20). The Magistrate Judge found that in Defendants' email to Plaintiff on

August 9, 2024, wherein we "unequivocally accepted Plaintiff's counter-offer…." (Doc. #62 at p. 4).

Plaintiff further contends that *Callie* stands for the proposition that "an agreement may not be enforceable if a party did not fully understand the terms or was under duress." (Doc. #63 at p. 20). Whether true or not as a general principle, we do not see that in *Callie* and Plaintiff does not demonstrate how it applies to this case.

- **Crawford v. Metro Gov't of Nashville & Davidson County., Tenn., 555 U.S. 271 (2009)**

Plaintiff appears to cite *Crawford* in support of pattern-or-practice evidence, but we do not see that in the *Crawford* and it has no direct application to whether or not the parties' Settlement Agreement should be enforced. (Doc. #63 at pp. 27-28).

- **Doi v. Halekulani Corp., 276 F.3d 1131 (9th Cir. 2002)**

Plaintiff cites this excerpt of *Doi* in support of her argument that the Settlement Agreement was not fully memorialized. (Doc. #63 at p. 19). However, in *Doi*, the Ninth Circuit rejected that argument with respect to a settlement agreement entered verbally (albeit in open court) and enforced it. 276 F.3d at 1133-41.

- **EEOC v. Bruno's Restaurant, Inc., 13 F.3d 285 (9th Cir. 1993)**

Plaintiff cites *EEOC v. Bruno's Restaurant, Inc.* for the proposition that pattern-or-practice evidence is relevant to establishing a hostile work environment claim. (Doc. #63 at p. 27). However, Plaintiff has not filed a hostile work environment claim, *Bruno's* concerned dismissal of an EEOC lawsuit for failure-to-conciliate not the principle cited by Plaintiff, and, in any event, we do not believe that either *Bruno's* or Plaintiff's

5

principle have anything directly to do with whether the Settlement Agreement in this case should be enforced.

- ***Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379 (2008)**

Plaintiff cites *Sprint* for the proposition that "me-too" evidence can be admissible in an employment case despite different decisionmakers. (Doc. #63 at p. 28). Again, whether correctly stated or not, we do not believe that this principle has anything directly to do with whether the Settlement Agreement in this case should be enforced. The Magistrate Judge cited to *Sprint* in the Report and Recommendation merely to reinforce that Plaintiff's purported "new evidence" might not have been admitted even if this case proceeded. (Doc. #62 at p. 11 FN10).

- ***McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)**

Plaintiff cites *McDonnell Douglas* for the proposition that "evidence of discriminatory practices affecting others could be admissible to establish a pattern or practice of discrimination." (Doc. #63 at p. 28). While *McDonnell Douglas* references pattern discrimination and the potential utility of statistics to help prove it, we do not believe that those concepts have anything directly to do with whether the Settlement Agreement in this case should be enforced. 411 U.S. at 804-05.

- ***Miranda v. Southern Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983)**

Plaintiff cites *Miranda* for a proposition related to enforcing agreements against pro se parties. (Doc. #63 at p. 15). However, *Miranda* concerned a district court sanctioning two attorneys. 710 F.2d at 518-23. It had nothing to do with settlement.

- ***Nesbitt v. City of Bullhead City*, 2020 WL 6262396 (D. Ariz. Oct. 23, 2020)**

Plaintiff cites *Nesbitt* for the proposition that "emails, particularly in the context of ongoing negotiations, cannot be construed as binding without final, unequivocal consent." (Doc. #63 at p. 17).

*Nesbitt* stands for the opposite. There, the Court enforced a settlement agreement based on the parties' acceptance via email. 2020 WL 6262396, at *4-6. *Nesbitt* strongly supports the Magistrate Judge's Report and Recommendation in this case.

- ***Pollard v. E.I. du Pont de Nemours & Co.*, 532 US. 843, 847 (2001)**

Plaintiff cites this excerpt of *Pollard* for a point about damages. While we do not read that in the excerpt, again, we do not believe that it has anything directly to do with whether the Settlement Agreement in this case should be enforced.

- ***Tucker v. Tucker*, 203 F.3d 832 (9th Cir. 1999)**

Plaintiff cites *Tucker* for the proposition that "[t]he court may reconsider enforcement [of a settlement agreement] if new evidence arises or if there are concerns about the fairness or clarity of the agreement." Whether that principle is correctly stated or not, it is not found in *Tucker*. There, the Ninth Circuit only referenced "new evidence" because the appeal concerned a motion for reconsideration. 203 F.3d at 832.

- ***Wilcox v. Arpaio*, 753 F.3d 872 (9th Cir. 2014)**

Plaintiff cites *Wilcox* for the proposition that "contracts may be voidable if one party was coerced or lacked the ability to freely enter the agreement." Again, whether that principle is correctly stated or not, it is not found anywhere in *Wilcox*.

IV. **Plaintiff's Objections Should Be Rejected**

Plaintiff's objections have not presented the Court with any factual or legal basis for overruling the Magistrate Judge's Report and Recommendation. The Court should adopt the Report and Recommendation in full and dismiss this case.

Dated this 31st day of January 2025.

/s/ Daniel Crowell
Daniel Crowell
Leslie Sanders
Stephen C. Stovall
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, Tennessee 37203

Jacob R. Valdez
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and that I served a copy of the foregoing document by first class mail, postage prepaid, on the following:

Nancy Arnaoudoff
1175 W. Pecos Road, #1123
Chandler, Arizona 85224
Plaintiff Pro Se

/s/ Daniel Crowell