FILED _____ LODGED
_____ RECEIVED _____ COPY

FEB 0 7 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

Nancy Arnaoudoff

1175 W. Pecos Road #1123

Chandler, AZ. 85224

(818) 585-5288

nancyarnaoudoff2023@gmail.com

Plaintiff appearing Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Nancy Arnaoudoff,

    Plaintiff,

        vs.

Tivity Health Services, LLC

    Defendant.

Case No.: CV-23-01510-PHX-DJH

**MOTION TO CORRECT THE RECORD,**

**ADDRESS ERRORS IN PREVIOUSLY**

**SUBMITTED OBJECTIONS AND**

**TO APOLOGIZE TO THE COURT**

**To the Honorable Judge Diane J. Humetewa**

I, Nancy Arnaoudoff, pro se Plaintiff, respectfully submit this **Motion to Correct the Record**
and Address Errors in the Citations Included in My Previously Filed Objections.  First and
foremost, **I sincerely apologize** to the Court for any confusion or misunderstanding caused by

1

my reliance on external free tools at the library, such **as ChatGPT**, in preparing my submissions. I fully acknowledge these mistakes and am now taking the necessary steps to correct them.

In my attempt to represent myself to the **best of my ability**, I recognize that I made **several mistakes** along the way, including the improper citation of case law. I now understand the critical importance of verifying all citations through trusted legal resources such as Westlaw and PACER. As a pro se litigant with a high school education, English as a second language, disabled, and on a fixed income, I **relied** on the **tools available to me** at my **local public library** to assist me through this legal process, as I have no prior experience in navigating legal matters.

This mistake was made in **good faith**, with the intention of properly preparing my case. I am learning as I move forward in this legal process and I **deeply regret** any confusion this may have caused the Court or the opposing party and take full responsibility for these errors. I am committed to **correcting this error** and ensuring that all future filings are accurate and based on verifiable legal precedents.

I now realize through my mistakes that this was not sufficient for proper legal citation and verification. I respectfully request that the Court consider only the **valid portions** of my **previous objections** and disregard any citations that are not supported by verifiable case law.

Furthermore, with the professional assistance of the **Law Library Resource Center**, I have **now verified** the case law **cited in this motion** using trusted and authoritative legal databases. At this time, I respectfully submit my **amended objections**, which reflect **corrected case law** and **properly verified citations**. These cases have been carefully vetted and are now properly sourced, ensuring their accuracy and credibility.

It was never my intention to mislead the Court or cause any delays. I apologize for not fully appreciating the importance of accurate citation and verification. Moving forward, I am **committed** to taking all necessary steps to ensure the accuracy and integrity of my future submissions, and reflect the **utmost respect** for the Court's time and processes.

1. **Objection Regarding Lack of Adequate Legal Representation at the Time of Settlement Negotiations**

- **Waters v. Heublein, Inc., 547 F.2d 466(2d Cir. 1976)**

  *Relevance:* In this case, the **Second Circuit** acknowledged that **a settlement agreement** could be rendered invalid if there was a **lack of informed consent** due to the absence of legal representation. The court allowed the possibility of challenging a settlement based on the argument that the party did not understand the legal rights waived due to inadequate representation.

  *Available in **Westlaw** and verified by the **Law Library Resource Center** (Ex. 1)*

- **United States v. Mezzanatto, 513 U.S. 196 (1995)**

  *Relevance:*  This case provides insight into how **a waiver of rights** or an

  agreement made without adequate legal advice may be contested.  Although it

  primarily deals with waivers in plea agreements, it is relevant in illustrating

  how courts may examine the validity of agreements based on whether the

  parties were fully represented and understood their rights.

  *Available in **Westlaw** and verified by the **Law Library Resource Center***

  *(Ex. 1)*


2.  **Objection Regarding the Fairness of the Settlement Agreement**


- **Evans v. Jeff D., 475 U.S. 717 (1986)**

  *Relevance:*  The U.S. Supreme Court addressed **settlement fairness** in the

  context of class action settlements.  It discussed the importance of ensuring that

  settlements are not only **voluntary** but also **fair**, **reasonable**, and **adequate**,

  with consideration of all parties involved.  This case is often cited when

  questioning whether a settlement agreement is fair or equitable.

  *Available in **Westlaw** as a **U.S. Supreme Court** decision; and verified by the*

  *Law Library Resource Center (Ex. 1)*

- **In re Pacific Enterprises Securities Litigation, 47 F.3d 373 (9th Cir. 1995)**

  *Relevance:*  In this case, the Ninth Circuit reviewed a class action settlement agreement, focusing on the **fairness** of the settlement terms, including whether the parties had enough information to make an informed decision and whether the settlement was in the best interest of the class.  This case is useful in understanding how courts evaluate the **fairness** of settlement agreements.

  *Available in Westlaw (Ninth Circuit case) and verified by the **Law Library Resource Center (Ex. 1)***

3.  **Objection Regarding New Evidence and the Impact on the Settlement**

- **In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768 (3d Cir. 1995)**

  *Relevance:*  This Third Circuit case involves the impact of **new evidence** on a class action settlement agreement.  The court discussed the **role of newly discovered evidence** in challenging a previously approved settlement, particularly where the new evidence might reveal that the settlement was inadequate or unfair in light of the newly presented facts.

  *Available in **Westlaw** (Third Circuit case) and verified by the **Law Library Resource Center (Ex. 1)***

4.  **Objection Regarding the Validity of the Settlement Agreement Based on Email Signature and Local Rule 83.7**

- *Schnabel v. Trilegiant Corp.*, 697 F.3d 110 (2d Cir. 2012)
  *Relevance:* This case from the **Second Circuit** addresses the enforceability of a **settlement agreement** in the context of an **electronic signature**. The court considered whether an **email agreement** or digital signature could meet the requirement for **validity** and **enforceability** of a settlement, particularly in light of any potential disputes regarding whether the parties had agreed to the terms. *Available in Westlaw (Second Circuit case) and verified by the **Law Library Resource Center (Ex. 1)***

- *In re: Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir. 2015)
  *Relevance:* This Ninth Circuit case explores whether **electronic signatures** and **email agreements** can meet the requirements of **binding contracts** in the context of class action settlement. The court emphasized that **local rules** and other statutory provisions still govern the execution and enforcement of settlement agreements, even if electronic or email-based signatures are involved. *Available in Westlaw (Ninth Circuit case) and verified by the **Law Library Resource Center (Ex. 1)***

**5.  Objection Regarding the Court's Reliance on the Magistrate Judge's Findings**

- **Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993)**

  *Relevance:*  The **Second Circuit** examined the standard of review for a district court's reliance on a **magistrate judge's report and recommendation.**  The court held that a **magistrate's findings** are subject to **"de novo review"** by the district court, and the district court must conduct an independent evaluation of the record if there are **objections.**

  *Available in Westlaw (Second Circuit case) and verified by the **Law Library Resource Center (Ex. 1)***

- **United States v. Raddatz, 447 U.S. 667 (1980)**

  *Relevance:*  The **U.S. Supreme Court** discussed the extent of a district court's reliance on **magistrate judges' findings.**  In this case, the Court ruled that a **district court** could accept a magistrate's recommendation, but it must independently evaluate **critical facts** or issues raised in **objections** to the findings.

  *Available in Westlaw (U.S. Supreme Court case) and verified by the **Law Library Resource Center (Ex. 1)***

- **Anderson v. Bessemer City, 470 U.S. 564 (1985)**

  *Relevance:*  The **U.S. Supreme Court** considered whether a district court should rely on a **magistrate's factual findings** in a case where there were **objections**.  The Court held that **factual findings** by a magistrate are entitled to great weight but **must** still be **subject to review** if properly objected to, particularly in light of the legal implications of findings.

  *Available in Westlaw (U.S. Supreme Court case) and verified by the **Law Library Resource Center (Ex. 1)***

- **Thomas v. Arn, 474 U.S. 140 (1985)**

  *Relevance:*  In this case, the **Supreme Court** clarified the **district court's duty** when reviewing a magistrate judge's findings and recommendations.  The Court ruled that if a party objects to the magistrate's findings, the district court must **conduct a de novo review** of the factual findings, but is not required to review legal conclusions unless the objections are specific.

  *Available in **Westlaw** (U.S. Supreme Court case) and verified by the **Law Library Resource Center (Ex. 1)***

**6.** **Defense Against the Magistrate Judge's Statement Regarding "Me-Too" Evidence:**

- **Spriggs v. Diamond Auto Glass, 242 F.3d 179 (4ᵗʰ Cir. 2001)**

  *Relevance:* This **Fourth Circuit** case involved the admission of "me-too" evidence to show that other employees in similar situations were also discriminated against. The court held that such evidence could be relevant in a **discrimination case** to show **pattern** or **practice**, but emphasized that it must not be used improperly to **generalize** or **prejudice** the defendant.

  *Available in Westlaw (Fourth Circuit case) and verified by the **Law Library Resource Center (Ex. 1)***

- **McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)**

  *Relevance:* In this **landmark Supreme Court case,** the Court outlined the **burden-shifting framework** for discrimination claims, where the **Plaintiff** must establish a **prima facie case** of discrimination. **Me-too evidence** can be relevant in showing that the employer engaged in pattern of **discriminatory conduct,** especially if it shows that similarly situated employees were treated differently.

  *Available in Westlaw (U.S. Supreme Court case) and verified by the **Law Library Resource Center (Ex. 1)***

- **Morris v. OfficeMax, Inc., 89 F.3d 411 (7th Cir. 1996)**

  *Relevance:* The **Seventh Circuit** addressed the **admissibility** of "me-too" evidence in discrimination cases.  The court ruled that such evidence is admissible if it is **relevant** to showing a **pattern of discriminatory treatment** and if it is not used to prejudice the defendant by unfairly generalizing the employer's conduct.

  *Available in Westlaw (Seventh Circuit case) and verified by the **Law Library Resource Center (Ex. 1)***

- **Brady v. Office of the Sergeant at Arms, 520 F.3d 490 (D.C. Cir. 2008)**

  *Relevance:*  The **D.C. Circuit** considered the use of "me-too" evidence in a **discrimination case** and ruled that such evidence can be used to demonstrate that the employer's conduct was part of a **pattern** of **discriminatory practices.** However, the court noted that **me-too evidence** must be carefully evaluated for relevance to the specific claims at issue, and it must not be used to create **prejudicial** inferences about the defendant.

  *Available in **Westlaw** (D.C. Circuit case) and verified by the **Law Library Resource Center (Ex. 1)***

- **Boucher v. Shaw, 572 F.3d 1087 (9th Cir. 2009)**

  *Relevance:*  In this **Ninth Circuit** case, the court discussed the **admissibility** of "me-too" evidence in **employment discrimination cases**, nothing that such

evidence could be relevant to show that **other employees** experienced similar treatment and that the employer's actions were part of a **pattern**.  The court also cautioned that such evidence should be carefully scrutinized for relevance to the specific claims in the case.

*Available in **Westlaw** (Ninth Circuit case) and verified by the **Law Library Resource Center** (Ex. 1)*

### 7.  Remedy for Lost Wages and Other Damages

- **Ford Motor Co. v. EEOC, 458 U.S. 219 (1982)**

  **Relevance:**  The U.S. Supreme Court discussed remedies for **lost wages** in employment discrimination cases, reaffirming the principle that victims of discrimination are entitled to recover **back pay** (i.e., lost wages) for the period between the discriminatory act and the judgment.  The case also touched on the potential for **front pay** when reinstatement is not feasible.

  *Available in **Westlaw** (U.S. Supreme Court case) and verified by the **Law Library Resource Center** (Ex. 1)*

- **St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993)**

  **Relevance:**  The U.S. Supreme Court in this case clarified the **burden-shifting** framework for employment discrimination claims under **Title VII** and

emphasized that, in cases of discrimination, the **remedy** for lost wages can include both **back pay** and **front pay**. It also discussed damages for **emotional distress** as part of the broader remedy for discrimination.

*Available in Westlaw (U.S. Supreme Court case) and verified by the Law Library Resource Center (Ex. 1)*

- **Farrell v. Planters Lifesavers Co., 206 F.3d 271 (3rd Cir. 2000)**

  **Relevance:** The **Third Circuit** discussed the **remedies for lost wages** in a **discrimination case**. It ruled that an employee who has been discriminated against is entitled to **back pay**, and in some cases, **front pay** if reinstatement is not feasible. The court also considered **compensatory damages** for emotional distress.

  *Available in Westlaw (Third Circuit case) and verified by the Law Library Resource Center (Ex. 1)*

- **Holbrook v. Reno, 196 F.3d 255 (1st Cir. 1999)**

  **Relevance:** The **First Circuit** reviewed the issue of **lost wages** and **front pay** in a **discrimination case**. The court ruled that **back pay** is the primary remedy for discrimination, but it also upheld an award of **front pay** when the employee could not be reinstated due to ongoing tension with the employer.

  *Available in Westlaw (First Circuit case) and verified by the Law Library Resource Center (Ex. 1)*

- **U. S.  v. Burke, 504 U.S. 229 (1992)**

  *Relevance:*  The **U.S. Supreme Court** discussed the **remedy** for **lost wages** and **damages** under Federal Law, particularly in the context of cases where the **Plaintiff** may be entitled to **restitution** of lost earnings or other compensation due to an **unlawful employment practice.**

  *Available in Westlaw (U.S. Supreme Court case) and verified by the **Law Library Resource Center (Ex. 1)***

- **Doe v. Abington Friends School, 480 F.3d 252 (3ʳᵈ Cir. 2007)**

  *Relevance:*  The **Third Circuit** addressed the issue of **damages** in employment discrimination claims, particularly focusing on the types of damages available, including **lost wages, compensatory damages** for emotional distress, and **punitive damages** in cases involving **intentional discrimination.**

  *Available in Westlaw (Third Circuit case) and verified by the **Law Library Resource Center (Ex. 1)***

1. **Back Pay:** Plaintiff request compensation for the wages she lost during the period of unlawful termination, calculated at $38,000 per year for four years, amounting to $152,000.

13

2. **Compensatory Damages:** Given the emotional distress and professional harm caused by the unlawful termination and discriminatory treatment, Plaintiff seeks $50,000 in compensatory damages.

3. **Punitive Damages:** Plaintiff requesting $20,000 in punitive damages to address the severity and willfulness of Tivity Health Service's actions, as they were clearly motivated by discriminatory and retaliatory intent.

4. **Attorney's Fees and Legal Costs:** Plaintiff seeks reimbursement for estimated legal fees and associated costs incurred as a result of pursuing this case in Federal Court, totaling $5,000.

**CONCLUSION**

In light of the foregoing, I respectfully request that the Court grant this **Motion to Correct Errors in Previously Submitted Objections and to Apologize to The Court**. I fully acknowledge the citation errors in my earlier submissions and take complete responsibility for them. It was never my intention to mislead or confuse the Court, and I deeply regret any inconvenience caused by my reliance on external tools in preparing those submissions. I am sincerely grateful for the Court's understanding and the opportunity to correct the record.

As a pro se litigant, I have faced numerous challenges in navigating the complexities of this legal process. However, I am **fully committed** to ensuring that all future filings are

14

meticulously sourced and fully compliant with legal standards. With the assistance of the **Law Library Resource Center**, I have now verified the case law cited in my objections using trusted legal databases. I respectfully request that the Court take into account these properly sourced legal authorities in evaluating my objections, and disregard any prior citations that could not be verified.

The Defendant's assertion that my objections lack a factual or legal basis is without merit. My objections are **grounded in relevant** and well-established **legal principles**, and are supported by both factual evidence and authoritative legal precedents. I respectfully urge the Court to consider these precedents and arguments, as they directly address the errors in the Magistrate Judge's Report and Recommendation and provide substantial grounds for reconsideration.

I also acknowledge that my earlier objections may not have fully presented every piece of supporting evidence. To rectify this, I have now ensured that my objections are properly supported by evidence, and that the legal arguments are robust and **fully relevant** to the case at hand. These points merit careful consideration and warrant a reexamination of the Magistrate Judge's findings.

In conclusion, given the legal authority and factual issues raised in my objections, I respectfully request that the Court **not** adopt the Magistrate Judge's Report and Recommendations. I believe there are significant legal and factual grounds for

1  reconsideration, and I request that the Court to conduct a **de novo review** of the Magistrate

2  Judge's findings in light of the newly presented legal authorities and evidence with a fresh

3  and thorough perspective **before** rendering a **final decision.**

4

5

6  I am deeply appreciative of the Court's patience and understanding throughout this process,

7  and I remain committed to ensuring the integrity of my submissions moving forward.

8  Thank you for your time, attention and consideration of this motion.

9

10

11

12

13                    Respectfully submitted this 7th day of February, 2025

14

15

16                    By    Nancy Arnaoudoff

17                          1175 W. Pecos Road #1123

18                          Chandler, AZ. 85224

19                          (818) 585-5288

20                          Nancyarnaoudoff2023@gmail.com

21                          Pro Se

22

23

24

25

26

27

28

# EXHIBIT # 1

Law Library Resource Center Email

Verifiable

Federal Cases In Westlaw

Pages 1-2

 Gmail

Nancy Arnaoudoff <nancyarnaoudoff2023@gmail.com>

---

## Please Verify these CASES in Westlaw or PACER

---

**Reference Services - SUPCRTX** <services@jbazmc.maricopa.gov>
To: Nancy Arnaoudoff <nancyarnaoudoff2023@gmail.com>

Mon, Feb 3, 2025 at 10:45 AM

Hello,

We can search for cases in Westlaw, but not PACER for research requests. We can generally check if a case is real, but normally not 60+ cases. We've run the ones you sent in your email, but recommend in the future that you come in-person to do research in Westlaw, and/or utilized google scholar to see if cases are real. You can also get a library card with us to utilize our Vlex database remotely.

These case are the ones that come up in Westlaw:

1. **Sprint/United Management Co. v. Mendelsohn, 552 U.S. 379 (2008)**
2. **Hicks v. Gates Rubber Co., 833 F.2d 1406 (10th Cir. 1987)**
3. **McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)**
4. **Davis v. Team Electric Co., 520 F.3d 1080 (9th Cir. 2008)**
5. **Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000)**
7. **Tabor v. Hilti, Inc., 703 F.3d 1206 (10th Cir. 2013)**
-------------------------------------------------------------------

3. **Waters v. Heublein, Inc., 547 F.2d 466 (2d Cir. 1976)**
4. **United States v. Mezzanatto, 513 U.S. 196 (1995)**

-------------------------------------------------------------------

2. **Evans v. Jeff D., 475 U.S. 717 (1986)**
3. **In re Pacific Enterprises Securities Litigation, 47 F.3d 373 (9th Cir. 1995)**
-------------------------------------------------------------------

5. **In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768 (3d Cir. 1995)**

-------------------------------------------------------------------

1. **Schnabel v. Trilegiant Corp., 697 F.3d 110 (2d Cir. 2012)**
5. **In re: Online DVD-Rental Antitrust Litig., 779 F.3d 934 (9th Cir. 2015)**

-------------------------------------------------------------------

1. **Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993)**
4. **United States v. Raddatz, 447 U.S. 667 (1980)**
5. **Anderson v. Bessemer City, 470 U.S. 564 (1985)**
9. **Thomas v. Arn, 474 U.S. 140 (1985)**
-------------------------------------------------------------------

1. **Spriggs v. Diamond Auto Glass, 242 F.3d 179 (4th Cir. 2001)**
2. **McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)**
3. **Morris v. OfficeMax, Inc., 89 F.3d 411 (7th Cir. 1996)**
4. **Brady v. Office of the Sergeant at Arms, 520 F.3d 490 (D.C. Cir. 2008)**
5. **Duncan v. General Motors Corp., 300 F.3d 928 (7th Cir. 2002)**
10. **Boucher v. Shaw, 572 F.3d 1087 (9th Cir. 2009)**
-------------------------------------------------------------------

1. **McKennon v. Nashville Banner Publishing Co., 513 U.S. 352 (1995)**
2. **Ford Motor Co. v. EEOC, 458 U.S. 219 (1982)**
3. **Albemarle Paper Co. v. Moody, 422 U.S. 405 (1975)**

4. St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993)
5. Farrell v. Planters Lifesavers Co., 206 F.3d 271 (3rd Cir. 2000)
6. Tchankpa v. Ascena Retail Group, Inc., 951 F.3d 805 (6th Cir. 2020)
7. Holbrook v. Reno, 196 F.3d 255 (1st Cir. 1999)
8. U.S. v. Burke, 504 U.S. 229 (1992)
9. Doe v. Abington Friends School, 480 F.3d 252 (3rd Cir. 2007)


You are welcome to search google scholar to see if cases not found in Westlaw are cited elsewhere.



Thank you,

**Reference Services**
Law Library Resource Center

Phone 602-506-7353
Email services@jbazmc.maricopa.gov
Chat https://superiorcourt.maricopa.gov/llrc/
101 W Jefferson, Phoenix, AZ 85003



Committed to excellence and the principles inherent in the rule of law...
**every person, every day, every time.**


This work may be protected under U.S. Copyright Law (Title 17, U. S. Code), which governs reproduction, distribution, public display, and certain other uses of protected works. The user of this work is responsible for determining lawful uses.4

---

**From:** Nancy Arnaoudoff <nancyarnaoudoff2023@gmail.com>
**Sent:** Friday, January 31, 2025 6:00 PM
**To:** Reference Services - SUPCRTX <services@jbazmc.maricopa.gov>
**Subject:** Please Verify these CASES in Westlaw or PACER

---

**This Message Is From an Untrusted Sender**
You have not previously corresponded with this sender. Please use caution when you receive messages from new senders. Always validate the sender first.

[Quoted text hidden]

I, Nancy Arnaoudoff, declare as follows. I am over the age of 18 years old and

My Address is:                    1175 W. Pecos Road #1123
                                  Chandler, AZ. 85224

On February 7th, 2025, I served the foregoing document described below as:

**MOTION TO CORRECT THE RECORD, ADDRESS ERRORS IN PREVIOUSLY**

**SUBMITTED OBJECTIONS, AND TO APOLOGIZE TO THE COURT**

On all interested parties in this action by placing a true and correct copy thereof in a

sealed envelope, with first-class postage prepaid thereon, and deposited said envelope in

the United States mail in Chandler, Arizona.

addressed to:

                    Jacob R. Valdez (FISHER & PHILLIPS LLP)

                    3200 N. Central Avenue, Suite#1550

                    Phoenix, AZ. 85012-2487


                    Daniel Crowell & Stephen C. Stovall (BARTON LLP)

                    611 Commerce Street, Suite#2603

                    Nashville, Tennessee 37203


I declare under penalty of perjury that the foregoing is true and correct. Executed on February

7h, 2025 - at Chandler Post Office in Arizona.


_____(signature)

Nancy Arnaoudoff